LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiffs,
FARHANA SAYEED and ATIQUR RAHMAN

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARHANA SAYEED, ATIQUR RAHMAN, | CASE NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL |
| vs. | |
| CHEATHAM FARMS MASTER HOMEOWNERS' ASSOCIATION, MAXWELL & MORGAN, P.C., BRETT AUSTIN BAILLIO, and DOES 1 to 10, inclusive, | |
| Defendants. | |

Plaintiffs, FARHANA SAYEED and ATIQUR RAHMAN, by their attorney, state as follows:

INTRODUCTION

1.    This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et seq*.] each of which prohibits debt collectors from engaging in

-1-

abusive, deceptive and unfair practices.

2.     The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e). Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3.     The California Rosenthal Act was enacted in 1976 to ensure the integrity of our banking and credit industry. Cal. Civ. Code § 1788.1(a)(i). The Legislature found that unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Non-compliance will subject the debt collector to civil liability. Cal. Civ. Code § 1788.30

## JURISDICTION

4.     This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d), and supplemental jurisdiction over any state law claims asserted herein.

## PARTIES

5.     Plaintiff FARHANA SAYEED is a natural person, and resides in the State of California, County of Los Angeles.

6.     Plaintiff ATIQUR RAHMAN is a natural person, and resides in the State of California, County of Los Angeles.

7.     Each Plaintiff has resided exclusively and continuously on Carondelet Street, Los Angeles, CA 90057 since the year 2000.

8.     Each plaintiff is an individual or natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing and is therefore entitled to protection under the FDCPA, 15 U.S.C. § 1692a(3) ["consumer"] & § 1692a(5) ["debt"], and under the Rosenthal Act, Cal. Civ. Code § 1788.2(h) ["debtor] & § l788.2(f) ["consumer debt"].

9.     Defendant CHEATHAM FARMS MASTER HOMEOWNERS'

Complaint for Damages and  Demand for Jury Trial

ASSOCIATION on information and belief, is a nonprofit homeowners association, by and through its managing agent Planned Development Services, Inc., an Arizona nonprofit corporation, organized and doing business in the Arizona. Plaintiff is informed and believes that at all relevant times this defendant was not registered with the California Secretary of State.

10.   Defendant MAXWELL & MORGAN, P.C., on information and belief, is an Arizona professional corporation, a debt collection law firm. Plaintiff is informed and believes that at all relevant times this defendant was not registered with the California State Bar.

11.   Defendant MAXWELL & MORGAN, P.C. advertises on its website as follows: "Assessments are the lifeblood of an association and are generally an association's sole source of revenue.  We have invested significant resources in technology and have a team of attorneys and paralegals to assist our clients recover their delinquencies in a timely and cost-effective manner.  This includes demand letters, personal money judgments, foreclosures, bankruptcy and garnishments.  We can also assist with collections of small-claims judgments."

12.   Defendant, BRETT AUSTIN BAILLIO is an attorney, licensed by the State of California, with an office in Mesa, Arizona. Baillio is employed with Defendant Maxwell & Morgan, P.C. and regularly collects debts on behalf of his clients and third-party creditors.

13.   Defendants MAXWELL & MORGAN, P.C. and BRETT AUSTIN BAILLIO are each persons who use instrumentalities of interstate commerce or the mails for the principal purpose of collecting debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. These persons are debt collectors under FDCPA, 15 U.S.C. § 1692a(6).

14.   Defendants MAXWELL & MORGAN, P.C. and CHEATHAM FARMS MASTER HOMEOWNERS' ASSOCIATION, in the ordinary course of business,

Complaint for Damages and  Demand for Jury Trial

regularly, on behalf of himself or herself or others, engage in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. These defendants are debt collectors under the Rosenthal Act, Cal. Civ. Code § 1788.2(c) ["debt collector].

15.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

16.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to the plaintiff's counsel, which the plaintiff alleges on personal knowledge.

17.   For the purpose of this lawsuit, unless otherwise indicated, "defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

FACTUAL ALLEGATIONS

18.   In 2014, Defendant Cheatham filed a lawsuit against Plaintiffs in the Arizona to collect alleged delinquent homeowner dues. The case is styled *Cheatham Farms Master Homeowners' Association v. Farhana Sayeed and Atiqur Rahman*, Case No. CC2014-093716 (hereinafter, "Arizona lawsuit"). Defendant Maxwell & Morgan, P.C. was the attorney of record for Defendant Cheatham. Defendants submitted a Certificate of Service by a process server named Direct Access Legal Services which alleges that substitute service was made on Plaintiffs on June 6, 2014 at their

-4-

Complaint for Damages and  Demand for Jury Trial

Carondelet Street apartment unit where Plaintiffs reside. Default judgment was entered on December 3, 2014 in the amount $8,419.18.

19.   On March 22, 2017, Defendant Cheatham Farms Master Homeowners' Association filed an Application for Entry of Judgment on Sister-State Judgment in order to enforce the judgment in the Arizona lawsuit. The case is styled *Cheatham Farms Master Homeowners' Association v. Farhana Sayeed and Atiqur Rahman*, Case No. 17K00551. Defendant Maxwell & Morgan, P.C., by Defendant Baillio, were the attorneys of record for Defendant Cheatham. Judgment on the sister-state judgment was entered March 22, 2017 in the amount of is $10,757.49.

20.   California Code of Civil Procedure § 1710.30(a) provides that notice of entry of judgment shall be served promptly by the judgment creditor upon the judgment debtor in the manner provided by law. Notice shall be in a form prescribed by the Judicial Council and shall inform the judgment debtor that the judgment debtor has 30 days within which to make a motion to vacate the judgment.

21.   California Code of Civil Procedure § 1710.45(a) provides: Except as otherwise provided in this section, a writ of execution on a judgment entered pursuant to this chapter shall not issue, nor may the judgment be enforced by other means, until at least 30 days after the judgment creditor serves notice of entry of the judgment upon the judgment debtor, proof of which has been made in the manner provided by law.

22.   The Civil Case Coversheet, filed as part of the Application for Entry of Judgment on Sister-State Judgment, was signed and certified by Defendant Brett Austin Baillio. It reflects that Defendants were aware of Plaintiffs' Carandolet address. However, notice that a sister-state judgment had been entered was never served on Plaintiffs. In obtaining and enforcing the sister-state judgment, Defendants intentionally served of process on the wrong person at an address in Northridge, California, which Plaintiffs never had any no contact with.

-5-

23.   Under California law, the sister-state judgment is unenforceable due to Defendants' failure to serve notice of entry of judgment on Plaintiffs.

24.   Defendants have caused a writ of execution and wage assignment to issue which is has, and presently is, garnishing the wages of Plaintiff Farhana Sayeed.

25.   The foregoing acts and omissions constitute violations of the FDCPA, 15 U.S.C. § 1692 *et seq*. including but not limited to:

a.   Violations of § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse, any person in connection with collection of a debt.

b.   Violations of § 1692e by using false, deceptive or misleading representations or means in connection with the collection of a debt.

c.   Violations of § 1692e(2) falsely representing the character, amount, or legal status of any debt.

d.   Violations of § 1692e(5) by threat to take any action that cannot legally be taken or is not intended to be taken.

e.   Violations of § 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

f.   Violations of § 1692f by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

26.   As a direct and proximate result of all acts, omissions, and consequences thereof, each of the Plaintiffs has sustained statutory damages. Plaintiffs have each suffered actual damages including pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he/she would have been able to obtain had Defendants not so acted. Plaintiffs have abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or were denied credit.

Complaint for Damages and  Demand for Jury Trial

27.   Plaintiffs have each suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, and malaise.

28.   Plaintiff are each entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k, and Cal. Civ. Code § 1788.30.

## FIRST CAUSE OF ACTION

### (Violation of the FDCPA)

29.   Paragraphs 1-28 of this complaint are alleged in this cause of action.

30.   This claim is asserted against Defendant Maxwell & Morgan, P.C., Brett Austin Baillio, and DOES 1-10.

31.   The foregoing violations of the FDCPA are among the defendants' practices towards numerous consumers, such as Plaintiffs, for which the defendants are motivated by enhanced collection revenues.

32.   Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION

### (Violation of the California Rosenthal Act)

33.   Paragraphs 1-28 of this complaint are alleged in this cause of action.

34.   This claim is asserted against Defendant Cheatham Farms Master Homeowners' Association, Maxwell & Morgan, P.C., and DOES 1-10.

35.   The foregoing acts and omissions constitute violations of the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq*.

36.   Each defendant named in this claim is liable for damages, attorney fees, and costs to each plaintiff for every violation described in this complaint under Cal. Civ. Code § 1788.30.

WHEREFORE, the Plaintiffs each pray judgment in his/her favor as follows:

FOR THE FIRST CAUSE OF ACTION against Defendant Maxwell & Morgan, P.C., Brett Austin Baillio, and DOES 1-10:

1.  Actual damages according to proof;

2.  Statutory damages of no less than $1,000 for each violation;

3.  Reasonable attorney fees;

4.  Costs of suit; and

5.  For such further relief as the court may deem just and equitable.

FOR THE SECOND CAUSE OF ACTION against Defendant Cheatham Farms Master Homeowners' Association, Maxwell & Morgan, P.C., and DOES 1-10:

1.  Actual damages according to proof;

2.  Statutory damages of no less than $1,000 for each plaintiff;

3.  Reasonable attorney fees;

4.  Costs of suit; and

5.  For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: March 13, 2018                    LAW OFFICE OF LOUIS P. DELL

                                         */s/ Louis P. Dell*
                                         Louis P. Dell, Esq.
                                         Attorney for Plaintiff,
                                         FARHANA SAYEED,
                                         ATIQUR RAHMAN